## UPDEGRAFF,
*Respondent,*

*v.*

## MOTOR VEHICLES DIVISION,
*Appellant.*

(85-0890; CA A36778)

722 P2d 1270

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

William B. Wyllie, Salem, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The Motor Vehicles Division (MVD) appeals a circuit court order reversing its order suspending petitioner's[1] driving privileges. *Former* ORS 487.805(3);[2] *former* ORS 482.541(4)(c).[3] It contends that the court erred in concluding that refusal to submit to a breath test is excused if there is "unreasonable" delay between the time a driver is stopped and the time a police officer requests that the driver submit to a breath test. We reverse.

Salem police received a report of a traffic accident. Petitioner's car had collided with a motorcycle. The motorcycle rider was seriously injured. Officer Stephenson approached petitioner and had a conversation with him. Stephenson testified that petitioner "appeared drunk," that there was a "strong odor of intoxicants on his breath," that his balance was impaired, that he "swayed as he stood in one place [and] at one point he fell against [his] car" and that his "speech was very slurred, thick." Stephenson noted that petitioner was eating mints. He testified that "[petitioner] ate probably a package of mints while I was watching him."

Officer Behrens also detected a strong odor of alcohol on petitioner's breath. He told Behrens that he had been drinking. Behrens testified:

> "His eyes were red and glassy. His face was red. His speech was slurred. His balance was somewhat swaying. He would stand and talk to you and he was swaying back and forth slightly. His motor functions, they were slow. They were fumbling as when he reached for his license and handed it to me. He was uncoordinated."

Behrens placed petitioner under arrest.[4]

---

[1] We refer to respondent as petitioner, because that is how MVD and the circuit court referred to him below.

[2] *Former* ORS 487.805 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and replaced by ORS 813.100, Or Laws 1983, ch 338, § 591 as amended by Or Laws 1985, ch 16 § 298 and Or Laws 1985, ch 672, §19.

[3] *Former* ORS 482.541 was repealed by Or Laws 1985, ch 16, § 475 (which became effective January 1, 1986, Or Laws 1985, ch 16, § 475) and replaced by ORS 813.410, Or Laws 1983, ch 338, § 358, as amended by Or Laws 1985, ch 16 § 167 and Or Laws 1985, ch 672, § 13.

[4] Behrens testified that he had not yet placed petitioner under arrest at that time.

At the hospital, petitioner was allowed to call an attorney. His condition made it difficult for him to dial the phone. He was asked to consent to a blood sample, and he refused. Nevertheless, a blood sample was taken. Shortly after the sample was taken, Behrens was informed that the motorcycle rider was out of danger and was expected to recover. Behrens testified:

"When I found out that [the motorcycle rider] did not have a possibility of dying I had no legal right to take a second blood sample without [petitioner's] consent."

He told petitioner that he was under arrest for driving under the influence of intoxicants and took him to the sheriff's office. *See* note 4, *supra.*

At the sheriff's office, petitioner was permitted to make another phone call to his attorney. Behrens then asked petitioner a series of questions and used his answers to fill out a report. Behrens then read the report to petitioner, advised him of his rights relating to a breath test and asked him to submit to one. Petitioner refused.

Behrens testified that he had received his dispatcher's call directing him to the accident at 8:44 p.m. Stephenson testified that he arrived at the scene about 9 p.m., within a minute or two after the dispatch. Behrens guessed that petitioner made his first call to his attorney from the hospital about 9:30 p.m. and that the blood sample was taken at 9:55. He testified that 10 p.m. was the time marked on the report form made at the sheriff's office. He did not remember the precise time that petitioner had refused to take a breath test, but he guessed that it had been about an hour and a half after he had received his dispatcher's call.

The trial court found that petitioner had refused to submit to a breath test for the reason that the officer had elected to take a blood test, that the time of the request and the refusal was after 10:00 p.m., and may have been as long as two and one-half hours after the time of driving and that the delay in requesting that petitioner take a breath test was

---

However, he had informed petitioner that he was going to take him to the hospital for a blood sample because of the circumstances (the severity of the motorcycle rider's injuries). Petitioner refused to go. After a slight struggle, Behrens handcuffed petitioner and placed him in the patrol car. MVD agrees that that was an arrest.

unreasonable. The trial court reversed MVD's suspension order.

MVD first contends that the delay in this case does not affect the validity of Behrens' request that petitioner submit to a breath test and that, even if delay is relevant, in this case the delay was not unreasonable.[5] It argues that, although the timing of a breath test is relevant in criminal prosecutions for driving under the influence of intoxicants, for implied consent administrative suspension purposes the only issue is whether the arrested driver refused to submit to a breath test. Petitioner argues that, because the nature of blood alcohol makes it "highly evanescent evidence," any delay is significant. *See Moore v. MVD*, 293 Or 715, 652 P2d 794 (1982), *State v. Heinz*, 286 Or 239, 594 P2d 385 (1979). He adds that, although some delay may be necessary, in this case the delay was unreasonable.

*Former* ORS 487.805(3) provided in part:

"If a person refuses to take a [chemical breath] test under this section * * * the person's driving privileges are subject to suspension under [*former*] ORS 482.541 * * * [.]"

*Former* ORS 487.805(4)(c) provided that the arresting officer's report should state "whether the person refused to submit to a test * * *." The issue is not *why* the person refused to submit to a test, but *whether* he refused submit to a test. It is undisputed that petitioner did refuse to submit to a breath test.

Petitioner does not challenge that, at the time he was requested to submit to the test, he was under arrest for driving under the influence of intoxicants, that the arresting officer had reasonable grounds to believe that he had been driving under the influence of intoxicants or that he was asked to submit to a breath test. He merely argues that there was an unreasonable delay in requesting him to submit to a test. Under the statutes, that is not a relevant inquiry.

[5] MVD agrees that the time of 10:00 p.m. written on the report is probably incorrect. The testimony was inconclusive. MVD argues, however, that there is insufficient evidence in the record to conclude that the length of the delay was two and one-half hours, which would make the time of the request for the breath test about 11:30 P.M. Because we conclude that the delay is not relevant, we do not reach this issue.

Petitioner refused to submit to a breath test. Therefore, the trial court erred in reversing the suspension order.

Petitioner's other contentions do not require discussion.

Reversed and remanded with instructions to reinstate the suspension order.